Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/27/2021 08:10 AM CDT

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Steven R. Bowers, respondent.
___ N.W.2d ___

Filed June 4, 2021.    No. S-21-079.

Original action. Judgment of public reprimand.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the conditional admission filed by Steven R. Bowers, the respondent, on April 15, 2021. The court accepts the respondent's conditional admission and enters an order of public reprimand.

## FACTS

The respondent was admitted to the practice of law in the State of Nebraska on March 5, 2008. At all times relevant to these proceedings, the respondent was engaged in the practice of law in Broken Bow, Nebraska. The respondent served as the county attorney of Custer County, Nebraska.

On February 1, 2021, the Counsel for Discipline of the Nebraska Supreme Court, the relator, filed formal charges against the respondent. The formal charges consisted of two counts. Pursuant to Neb. Ct. R. § 3-302, the respondent is under the jurisdiction of the Committee on Inquiry of the Sixth Judicial District (Committee).

- 424 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. BOWERS
Cite as 309 Neb. 423

The matters alleged in the formal charges were reviewed by the Committee pursuant to Neb. Ct. R. § 3-309(H) (rev. 2011). The Committee determined that there are reasonable grounds for discipline of the respondent and that the public interest would be served by the filing of formal charges.

The formal charges generally allege violations stemming from the respondent's prosecution of criminal defendants, who had extensive criminal records and faced felony charges. The respondent wanted the defendants "out of Custer County" so they would not engage in further illegal conduct. The respondent agreed that if the defendants would plead guilty or no contest to the pending charges, he would assist in getting their bonds reduced so the defendants could be released from jail before their sentencing. The respondent agreed that if the defendants left the State of Nebraska and failed to appear at their respective sentencing hearings and a bench warrant were issued, the respondent would direct the sheriff of Custer County not to seek to extradite the defendants. The respondent did not inform the court that he had agreed not to seek extradition of the defendants if they agreed to plead guilty or no contest to the pending charges. The defendants ultimately posted bail. One of the defendants fled the jurisdiction, and although he was later arrested in Douglas County, the respondent did not attempt to seek extradition and the defendant was released.

The formal charges allege that by his actions, the respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska, as provided by Neb. Rev. Stat. § 7-104 (Reissue 2012), and violated Neb. Ct. R. of Prof. Cond. §§ 3-503.3(a)(1) and (b) (rev. 2016) (candor toward tribunal) and 3-508.4(c) and (d) (misconduct).

On April 15, 2021, the respondent filed a conditional admission pursuant to Neb. Ct. R. § 3-313(B) of the disciplinary rules, in which he conditionally admitted that he violated his oath of office as an attorney and §§ 3-503.3(a)(1) and (b) (candor toward tribunal) and 3-508.4(c) and (d) (misconduct) of the professional conduct rules. In the conditional admission,

- 425 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. BOWERS
Cite as 309 Neb. 423

the respondent admits that his conduct violated the identified rules of professional conduct. The respondent knowingly does not challenge or contest the truth of the matters conditionally asserted and waived all proceedings against him in exchange for a public reprimand.

The proposed conditional admission included a declaration by the Counsel for Discipline, stating that the respondent's proposed discipline is appropriate under the facts of this case.

## ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

> (B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that the respondent knowingly does not challenge or contest the matters conditionally admitted. We further determine that by his conduct, the respondent violated §§ 3-503.3(a)(1) and (b) (candor toward tribunal) and 3-508.4(c) and (d) (misconduct) of the professional conduct rules and his oath of

- 426 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. BOWERS
Cite as 309 Neb. 423

office as an attorney licensed in the State of Nebraska. The respondent has waived all additional proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

The respondent is publicly reprimanded. If the respondent applies to appear pro hac vice, he must disclose this discipline. The Respondent is directed to pay costs and expenses in accordance with Neb. Ct. R. §§ 3-310(P) (rev. 2019) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

Judgment of public reprimand.